NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

TREVIN DWIGHT HEARD, *Appellant.*

No. 1 CA-CR 13-0743
FILED 07-31-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-157514-001
The Honorable Christine E. Mulleneaux, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge John C. Gemmill and Judge Kent E. Cattani joined.

---

**H O W E**, Judge:

¶1        Trevin Dwight Heard appeals his conviction and sentence for possession or use of narcotic drugs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2012, Phoenix Police Officer R.G. observed Heard's car speeding. After stopping Heard, Officer R.G. detected an odor of marijuana emanating from the car. Officer R.G. asked for Heard's consent to search him. After Heard consented, Officer R.G. located a "small black plastic baggy containing a white substance" in Heard's pant pocket. The substance was subsequently identified as 270 milligrams of cocaine.

¶3        Heard was indicted on one count of possession or use of narcotic drugs, a class 4 felony. At trial, the State presented its evidence that Heard possessed the cocaine. Heard defended by arguing that he was not speeding and was profiled by the police officer. Heard also argued that the search was not consensual and that he was unaware that the baggy contained cocaine.

¶4        Among other proposed jury instructions, the State requested that the jury be instructed as follows regarding flight or concealment: "In determining whether the State has proved the defendant guilty beyond a reasonable doubt, you may consider any evidence of the defendant's running away, hiding, or concealing evidence, together with all the other evidence in the case." Heard did not object, and the jury was so instructed. The trial court also agreed to give an instruction advising that some jury instructions might be inapplicable:

> You must consider all these instructions. Do not pick out one instruction, or part of one, and ignore the others. As you determine the facts, however, you may find that some instructions no longer apply. You must then consider the instructions that do apply, together with the facts as you have determined them.

¶5        The jury found Heard guilty as charged. Heard filed a timely notice of appeal.

## DISCUSSION

¶6        Heard argues that the superior court erred by giving the flight or concealment jury instruction. He contends that the instruction was

2

unsupported by the evidence and that he was prejudiced from this error because the instruction "allowed the jury to presume guilt[] based on non-existent conduct."

¶7        We review for fundamental error because Heard failed to make this argument below. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is limited to "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id*. To prevail on such a claim, Heard bears the burden of demonstrating that the superior court erred, that the error was fundamental, and that he was prejudiced thereby. *Id.* at ¶ 20.

¶8        We need not address whether error occurred because we find that any possible error resulting from the flight or concealment instruction was neither fundamental nor prejudicial. The instruction did not alter the elements of the offense for which Heard was charged, alter the State's burden of proof, or otherwise encroach on Heard's constitutional rights. Instead, jurors were advised that the flight instruction may no longer apply as facts are determined. *See State v. Celaya*, 135 Ariz. 248, 257, 660 P.2d 849, 858 (1983) (noting the conditional nature of the flight instruction, as well as the fact that "the jury was instructed to disregard any instructions they found not to apply after they had determined the facts."); *State v. Detrich*, 178 Ariz. 380, 384, 873 P.2d 1302, 1306 (1994) ("The flight instruction—even assuming it was improper—[did] not rise to the level of fundamental error."). Finally, the instruction did not affect Heard's defenses that he was not speeding and that he was unaware that the baggie contained cocaine. And neither the State nor Heard mentioned this instruction during closing argument.  Even had error occurred, Heard has failed to meet his burden of demonstrating that he was prejudiced by the flight instruction.

## CONCLUSION

¶9        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: gsh